FINAL REPORT[1]

*Amendment of Pa.Rs.Crim.P. 150 and 522 and Revision of the <u>Comment</u> to Pa.R.Crim.P. 151*

MATERIAL WITNESS UNDER 18 TAKEN INTO CUSTODY

---

On December 7, 2018, effective April 1, 2019, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rules 150 (Bench Warrants) and 522 (Detention of Witnesses) and revised the *Comment* to Rule 151 (Bench Warrant Procedures When Witness is under Age of 18 Years) to clarify that the bench warrant procedures in Rule 151 are applicable to the situation when a material witness who is under the age of 18 is to be taken into custody.

The Committee was posed with the question of what should be done when a material witness who is taken into custody pursuant to Rule 522 is under the age of 18. Rule 522 (Detention of Witnesses) provides procedures for restricting the liberty of a material witness when there is cause to believe the witness will not appear for trial. The rule provides that, upon application of the Commonwealth or defense counsel, a court may set bail for a witness who likely is not to appear to testify. Process may be issued to bring the witness before the court for purposes of demanding bail. Paragraph (B) of the rule provides that, if the witness cannot satisfy the conditions of bail, the witness may be committed to jail but must have the opportunity to post bail at any time.

Rule 151 (Bench Warrant Procedures When Witness is Under Age of 18 Years) was developed in 2013 to provide procedures for bench warrants issued to minor witnesses who failed to respond to a subpoena. This was based on Rule of Juvenile Court Procedure 140 (Bench Warrants for Failure to Appear at Hearings) and was intended to address the various issues that arise when a person under the age of 18 is taken into custody. Rule 151 includes required notice to the issuing authority and parents or guardians as well as procedures to ensure early judicial review for an under-18 witness who is being held. *See* 43 *Pa.B.* 6655 (November 9, 2013).

The Committee concluded that the same protections should apply for those under-18 determined to be reluctant material witnesses as is provided for under-18 witnesses who have failed to respond to subpoenas. Therefore, a new paragraph (D) has been added to Rule 522 that states that the Rule 151 procedures apply in these

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

circumstances. A revision to the *Comment* to Rule 151 similarly states that the procedures in Rule 151 apply to an under-18 witness being detained pursuant to Rule 522. Additionally, a cross-reference to Rule 522 has been to the Rule 150 (Bench Warrants) *Comment*.

During the Committee's discussion, it was noted that the practice in Philadelphia was for bench warrant hearings to be conducted by Philadelphia Municipal Court judges in addition to being held by Philadelphia trial commissioners. This has been clarified by an amendment to paragraph (B) of Rule 150 and by a revision to the *Comment*.